## UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION                                         MDL No. 2873

### TRANSFER ORDER

**Before the Panel**:\*  Plaintiffs in the actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders that conditionally transferred their respective actions to the District of South Carolina for inclusion in MDL No. 2873.  Defendant United States of America opposes the motion to vacate in the District of Hawaii *Board of Water Supply* action.  Defendant Arkema Inc. opposes the motion to vacate in the Eastern District of Pennsylvania *Aqua Pennsylvania II* action.

After considering the argument of counsel, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 2873, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  In our order centralizing this litigation, we held that the District of South Carolina was an appropriate Section 1407 forum for actions in which plaintiffs allege that aqueous film-forming foams (AFFFs) used at airports, military bases, or certain industrial locations caused the release of per- or polyfluoroalkyl substances (PFAS) into local groundwater and contaminated drinking water supplies.  The MDL actions share factual questions concerning the use and storage of AFFFs; the toxicity of PFAS and the effects of these substances on human health; and these substances' chemical properties and propensity to migrate in groundwater supplies.  *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d 1391, 1394 (J.P.M.L. 2018).

Plaintiff in *Board of Water Supply* alleges that its drinking water supply has been contaminated by releases of jet propellant fuel, PFAS (including AFFF), and other contaminants from the U.S. Navy's Red Hill Bulk Fuel Storage Facility.  Plaintiff argues that site-specific issues will predominate in this action.  However, Section 1407 "does not require a complete identity or even majority of common factual issues as a prerequisite to transfer."  *In re Ins. Brokerage Antitrust Litig.*, 360 F. Supp. 2d 1371, 1372 (J.P.M.L. 2005).  Plaintiff alleges that AFFF use at the Red Hill Facility contributed to PFAS contamination of plaintiff's water supply.  The use of AFFF at military facilities is a common factual issue in this MDL.  *See, e.g.*, *In re AFFF*, 357 F. Supp. 3d at 1394.  Moreover, the Panel has transferred other actions alleging AFFF use at

---

\* Judges Karen K. Caldwell, Matthew F. Kennelly, and David C. Norton did not participate in the decision of this matter.

- 2 -

petroleum storage or refining facilities.  *See, e.g.*, Transfer Order at 1–2, MDL No. 2873 (J.P.M.L. Apr. 5, 2022), ECF No. 1351 (transferring action alleging groundwater contamination stemming from AFFF use at refinery).  That this action also involves unique factual questions does not weigh significantly against transfer.

Furthermore, there appears to be some overlap between plaintiff's allegations in *Board of Water Supply* and an action by the State of Hawaii that is pending in the MDL.  *See State of Hawaii ex rel. Lopez v. 3M Co.*, C.A. No. 2:24-00488 (D.S.C.).  That action, which is directed to AFFF manufacturers, identifies the same AFFF releases at the Red Hill Facility as contributing to the contamination of the State's natural resources and groundwater.  *See State of Hawaii* Am. Compl. ¶ 175 (D.S.C. Oct. 23, 2024), ECF No. 27.  There likely will be some overlapping discovery between these two actions.  *Cf.* Transfer Order at 2, MDL No. 2873 (J.P.M.L. June 2, 2025), ECF No. 3536 (transferring *City of Savannah* because "the water supply at issue in *City of Savannah* is already at issue in an action in the MDL").

Plaintiff additionally argues that the MDL is procedurally advanced, such that there will be few efficiencies to be gained by transferring *Board of Water Supply*.  In particular, plaintiff focuses on the Panel's recent remand of *Town of East Hampton*.  *See* Remand Order, MDL No. 2873 (J.P.M.L. Oct. 15, 2025), ECF No. 3897.  Plaintiff's interpretation of this remand order and the status of the MDL is not persuasive.  *Town of East Hampton* was remanded to its transferor court because that action involved a uniquely local dispute: one New York municipal entity was suing another under CERCLA for PFAS contamination allegedly caused by AFFF use at a local airport.  *Id.* at 1; *see also* Order Granting Suggestion of Remand at 4–6, *In re AFFF*, No. 2:18-mn-02873 (D.S.C. June 24, 2025), ECF No. 7416.  *Board of Water Supply* does not present such a local dispute—plaintiff sues the United States, a defendant in numerous actions in the MDL.  The transferee court has not indicated that any other actions or classes of actions should be remanded or not transferred in the first instance.  Indeed, the transferee court is currently addressing motions involving the federal government's use of AFFF at various locations nationwide.

Finally, plaintiff argues that transfer would not be efficient because the United States has moved to sever the AFFF and non-AFFF claims in *Board of Water Supply*, with the latter to be litigated in the District of Hawaii.  Plaintiff argues this would require it to litigate overlapping claims in two courts.  This argument, however, is speculative, as it presumes this action will be severed.  The motion to sever is not before the Panel.  Whether this action should be severed is a question best (and properly) considered by the transferee court.  For this reason, we also deny plaintiff's alternative (and somewhat inconsistent) request that we separate and remand the non-AFFF claims to the District of Hawaii.

Turning to *Aqua Pennsylvania II*, plaintiff in this action alleges that Arkema used PFAS at a chemical plant in West Chester, Pennsylvania (the "Bolmar Street facility") and allowed releases of PFAS from that facility to contaminate plaintiff's "Main System," which supplies drinking water to several municipalities in Delaware County, Pennsylvania.  We previously vacated a conditional transfer order in this action because plaintiff's claims pertained to a single non-AFFF industrial facility and did not sufficiently overlap with plaintiff's other actions in the MDL.  *See* Order Vacating CTO, MDL No. 2873 (J.P.M.L. Aug. 8, 2025), ECF No. 3667.  We noted, however, that "[s]hould *Aqua Pennsylvania II* evolve into a more obvious AFFF action, the parties

- 3 -

or the court at that time can re-notice *Aqua Pennsylvania II* as a potential tag-along." *Id.* at 2. Arkema subsequently re-noticed this action as a potential tag-along based on, *inter alia*, discovery responses that identified AFFF use at the Bolmar Street facility, and the action was again placed on a conditional transfer order.

In moving to vacate that order, plaintiff argues that Arkema's disclosures—which identify three instances of AFFF use at the Bolmar Street facility as well as general use during periodic training and testing of the plant's fire suppression system—are self-serving and do not establish whether the asserted AFFF use contributed to the alleged PFAS contamination of plaintiff's water supply. Plaintiff also notes that other evidence, such as certain studies by the U.S. Environmental Protection Agency, suggest that the PFAS contamination of plaintiff's water supply stems from non-AFFFs sources. Plaintiff therefore asks that it be allowed to conduct discovery regarding the source of the existing PFAS contamination prior to any transfer.

The Panel does not engage in a merits review of complaints, such as weighing the detail of plaintiffs' allegations and pre-suit investigation, when considering transfer. *See* Transfer Order at 3, MDL No. 2873 (J.P.M.L. June 5, 2023), ECF No. 1927. Here, plaintiff essentially asks us to weigh the merits of and motivations behind Arkema's disclosures. As with complaints, we are neither well-situated nor inclined to weigh the merits of defendant's discovery responses. Arkema has identified AFFF use at the Bolmar Street facility that may have contributed to the alleged PFAS contamination of plaintiff's water supply. This is sufficient to warrant transfer in this instance. *Cf.* Transfer Order at 1–2, MDL No. 2873 (J.P.M.L. Apr. 3, 2025), ECF No. 3420 (transferring actions after defendant provided evidence that AFFF was used at the Cordova facility for fire suppression).[1]

Plaintiff also argues that actions against "end users" of AFFF do not implicate common factual issues being litigated in this MDL. We do not find this argument persuasive. From the outset of this MDL, the Panel has transferred actions involving the use of AFFF, not just its manufacture or design. *See, e.g.*, *id.* (transferring action based on use of AFFF at industrial facility). Indeed, the actions against government defendants—such as the *Board of Water Supply* action previously discussed—pertain to the *use* of AFFF at military facilities. Plaintiff alleges that PFAS originating from the Bolmar Street facility has contaminated its water supply. Defendant has produced discovery suggesting this contamination was caused, at least in part, by operation of the AFFF fire suppression system at the Bolmar Street facility. Arkema has met its burden of demonstrating that transfer of *Aqua Pennsylvania II* is appropriate. *See* Order Denying Transfer at 2, MDL No. 2873 (J.P.M.L. Dec. 18, 2019), ECF No. 541 ("[A] party seeking transfer of an action that does not on its face raise AFFF claims bears a significant burden to persuade us that transfer is appropriate and will not undermine the efficient progress of the AFFF MDL.").

---

[1] Because we find that AFFF issues have been introduced into this litigation through discovery, we need not address the parties' arguments regarding the manner in which plaintiff is litigating *Aqua Pennsylvania II*.

- 4 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Richard M. Gergel for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Nathaniel M. Gorton
Acting Chair

Roger T. Benitez                          Dale A. Kimball
Madeline Cox Arleo

**IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION**                                      MDL No. 2873

## SCHEDULE A

<u>District of Hawaii</u>

BOARD OF WATER SUPPLY, CITY AND COUNTY OF HONOLULU v.
UNITED STATES OF AMERICA, C.A. No. 1:25−00271

<u>Eastern District of Pennsylvania</u>

AQUA PENNSYLVANIA, INC. v. ARKEMA INC., C.A. No. 2:25−01101